# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

JOSEPH DEVLIN                                                                                                    PETITIONER
Reg. #06990-028

v.                                                      2:23-cv-00045-JM-JJV

JOHN P. YATES, Warden[1]                                                                          RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

## DISPOSITION

**I.     INTRODUCTION**

Petitioner Joseph Devlin brings this 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus *pro se*. (Doc. No. 1.) He alleges the Bureau of Prisons ("BOP") has improperly denied him time

---

[1] According to the Response (Doc. No. 6 at 1), the new Acting Warden at the Federal Correctional Institution – Forrest City Low is C. Edge. Pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, made applicable to other types of habeas petitions by Rule 1(b), the respondent should be named as the officer who has custody of the petitioner. Therefore, C. Edge, Acting Warden of the Federal Correctional Institution – Forrest City Low, is the appropriately named respondent, and the Clerk is directed to amend the docket to substitute her as the respondent.

credits against his sentence pursuant to the First Step Act ("FSA") of 2018, 18 U.S.C. §§ 3631-3635. (*Id*. at 1, 3-4.) After careful consideration of Mr. Devlin's Petition as well as the Response (Doc. No. 6), I recommend the Petition be dismissed without prejudice.

## II.   FACTS

In 2015, in the United States District Court for the Middle District of Florida, Mr. Devlin pled guilty to one count of attempted enticement of a minor for sex, in violation of 18 U.S.C. § 2422(b), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). (Doc. No. 6-1 at 1.) He was sentenced to 180 months' imprisonment on the § 2422 conviction and 120 months' imprisonment on the § 2252 conviction, with the terms to run concurrently. (*Id*. at 2.) Mr. Devlin is currently serving his sentence at the Federal Correctional Institution – Forrest City Low.

Mr. Devlin alleges he has lost the opportunity to earn FSA time credits because his prison job was terminated and the classes he was taking were cancelled, through no fault of his own. (Doc. No. 1 at 1, 3.) Respondent C. Edge, Acting Warden of the Forrest City Low FCI, argues in part that Mr. Devlin's Petition should be dismissed based on his failure to exhaust his administrative remedies. (Doc. No. 6 at 2-3.)

## III.   ANALYSIS

"A prisoner may bring a habeas action challenging the BOP's execution of his sentence only if he first presents his claim to the BOP." *Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009) (citing *United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000) (per curiam)). Federal regulations afford prisoners administrative review of the computation of their credits. *United States v. Wilson*, 503 U.S. 329, 335 (1992) (citing 28 C.F.R. §§ 542.10-.16). Prisoners are

able to seek judicial review of these computations "after exhausting their administrative remedies." *Id*. (citing *United States v. Bayless*, 940 F.2d 300, 304-05 (8th Cir. 1991)).

The BOP's Administrative Remedy Program exists "to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10. The process is a multi-step one. First, an inmate must "present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." *Id*. at § 542.13(a). Second, if the issue is not resolved, the inmate must submit a "formal written Administrative Remedy Request" at the institutional level. *Id*. at § 542.14(a). Third, "[a]n inmate who is not satisfied with the Warden's response may submit an Appeal . . . to the appropriate Regional Director." *Id*. at § 542.15(a). Fourth, "[a]n inmate who is not satisfied with the Regional Director's response may submit an Appeal . . . to the General Counsel." *Id*. An inmate may seek judicial review only after exhausting each of these steps. *Wilson*, 503 U.S. at 335; *see also Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (administrative exhaustion "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)").

The record shows that Mr. Devlin failed to present his claim to the BOP through its Administrative Remedy Program. BOP records demonstrate that he has submitted several Administrative Remedy Requests during his incarceration, but none pertain to the claim raised here. (Doc. No. 6-2 at 2.) Mr. Devlin implicitly concedes that he failed to present and exhaust his claim, contending the exhaustion requirement should be waived in this case because it would be futile. (Doc. No. 1 at 2.) Specifically, he says the claim presents an issue of statutory interpretation that the BOP is without authority to decide. (*Id*.) However, the essence of Mr. Devlin's claim is that the BOP is misapplying the First Step Act. (*Id*. at 3.) Such a claim is ripe for review through

3

the administrative remedy process. *See Willis v. Ciccone*, 506 F.2d 1011, 1015 (8th Cir. 1974). Mr. Devlin also asserts that because his claim is "identical" to one raised by a different inmate in a different case, "additional grievance filings would be moot, and excessive." (Doc. No. 1 at 2.) But the Administrative Remedy Program contains no such exception.

Because Mr. Devlin failed to exhaust his administrative remedies prior to seeking judicial review in this habeas action, his Petition should be dismissed without prejudice.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that Mr. Devlin's § 2241 Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED without prejudice.

DATED this 18th day of May 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE